IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON WHARTON,

    Petitioner,

v.                                                      CASE NO. 1:21-cv-181-AW-GRJ

SEC'Y FLA. DEPT. OF CORR.,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Respondent's motion to dismiss Petitioner Jason Wharton's petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF Nos. 1, 10. Respondent argues that the petition contains a claim that is unexhausted and that the petition should be dismissed to allow Petitioner to exhaust the claim in state court. ECF No. 10 at 4–5. For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss should be **GRANTED** and that the petition should be **DISMISSED** without prejudice.

## I. BACKGROUND

Petitioner is incarcerated for Burglary of a Dwelling with Battery following a jury trial that resulted in a guilty verdict. ECF Nos. 1 at 2; 10-3

1

at 56.  On July 8, 2019, he was sentenced to life in prison.  ECF No. 10-3 at 87–89.  On November 2, 2021, Petitioner filed his § 2254 petition *pro se*.  ECF No. 1.  In the petition, Petitioner raises five grounds for relief, including that his trial counsel was ineffective for failing to call an alibi witness, Dr. R. Williams, during trial.  ECF No. 1 at 9.

On March 25, 2022, Respondent moved for dismissal on the basis of exhaustion, or in the alternative, Respondent requested a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  ECF No. 10 at 4.  Respondent contends that Petitioner's claim of ineffective assistance related to the alibi witness is substantially the same between his petition here and a state-court motion for postconviction relief.  ECF Nos. 1 at 9; 10 at 4; 10-19 at 26–27.  While Petitioner's state-court postconviction motion was denied, Petitioner has appealed that denial, including the ineffective assistance claim at issue here.  ECF Nos. 10 at 4;10-19 at 101–12;10-21 at 18–22.  Respondent argues that claim is not exhausted due to the pendency of the appeal.  ECF Nos. 10 at 4.

On April 11, 2022, Petitioner objected to Respondent's motion.  ECF No. 13.  Petitioner's argument is unclear but seems to be that the petition should be stayed because Petitioner has previously presented this claim in state litigation, even if the claim is not fully exhausted.  *Id*. at 1–2.  He says

he wants "a full review" from this Court and states he was "trying to make [his] deadline" when he presented his petition with an unexhausted claim. *Id*. He also references the difficulties he may have in paying a filing fee later if his petition is dismissed now. *Id*. at 2.

## II.  LEGAL STANDARD

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that petitioners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

"[E]xcept in limited circumstances, district courts must dismiss § 2254 petitions without prejudice until the petitioner has fully exhausted his state postconviction remedies with respect to each of his asserted claims for

relief." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1214 (11th Cir. 2014) (citing *Rose v. Lundy,* 455 U.S. 509, 519–20 (1982)).  However, if "a dismissal would result in any subsequent petition being time-barred under the statutory one-year limitations period," a district court "may employ a 'stay-and-abeyance' procedure . . . while the petitioner returns to state court to exhaust all of his previously unexhausted claims." *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 819 (11th Cir. 2012).

A stay of a "mixed petition" containing both exhausted and unexhausted claims is appropriate under *Rhines* "if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious'; and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Thompson v. Sec'y for Dep't of Corr.*, 425 F.3d 1364, 1366 (11th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277–78).  When a court determines that a stay and abeyance is not appropriate but "dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief," "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims." *Rhines*, 544 U.S. at 278.

### III.  DISCUSSION

After careful review, the Court finds that Petitioner's claim of ineffective assistance of counsel related to the alibi witness is substantially similar between the state-court postconviction motion and the petition here. ECF Nos. 1 at 9; 10-19 at 26–27.  Both assert that trial counsel rendered ineffective assistance by failing to call Dr. R. Williams as an alibi witness. *Id*.  A review of the record discloses that Petitioner has appealed the denial of his state postconviction motion and that the appeal includes the instant ineffective assistance claim.  ECF No. 10-21 at 18–22.  Because the appeal is pending, the claim is not exhausted.  *O'Sullivan*, 526 U.S. at 845.

### A. *Rhines* Stay Is Not Warranted

Petitioner has not demonstrated good cause for failing to exhaust his claim of ineffective assistance related to the alibi witness.  The postconviction motion that included this claim was denied on November 4, 2021, and Petitioner's notice of appeal of that denial was docketed in state court on November 17, 2021.  ECF Nos. 10-2 at 1; 10-19 at 14.  Plaintiff's petition in this Court was docketed on November 2, 2021, before the decision in his postconviction action and before he filed his postconviction appeal.  ECF No. 1.

Petitioner's explanations for filing a petition with an unexhausted claim do not address this timeline. Instead, the explanations include that Petitioner has previously presented this claim in other state litigation and that he wants a "full review" here. ECF No. 13 at 1–2. Petitioner also states he filed in order "to make [his] deadline," and he indicates a concern he may have difficulties paying an additional filing fee, if required. *Id*. at 2.

Petitioner's offered reasons for failing to exhaust state remedies do not constitute good cause. First, both parties agree that Petitioner has presented this claim in state court through his postconviction proceedings. Notwithstanding that, Petitioner has not completed "one complete round" of review of his claim as required by law. *O'Sullivan*, 526 U.S. at 845. Presentation of a claim is not the same as exhaustion, and it is not good cause for a stay.

Second, Petitioner's desire for a "full review" in this forum does not address why Petitioner did not first complete a full round of review of his claim. His desire to include a claim in his petition cannot substitute for a legal basis for doing so. Third, Petitioner's concern regarding a future filing fee is speculative both in terms of the resolution of the pending litigation and Petitioner's ability to pay in the future. In addition, this concern does

6

not address substantively why Petitioner chose to file his petition before exhausting all his claims.

Fourth and finally, Petitioner's contention that he was concerned with meeting "[his] deadline" is undeveloped and facially unsupported by the timeline presented to the Court and in the record—assuming Petitioner is referring to the one-year statute of limitations for filing his petition. But even if Petitioner believed he was required to file his petition by an unspecified date in late 2021 to avoid a time-bar, that belief does not explain why Petitioner was unable to exhaust this ineffective assistance claim by that date. In other words, a time-bar might explain why Petitioner filed his petition but not why any unexhausted claims included could not be exhausted by the time of filing.

Because the Court has found that Petitioner does not have good cause for failing to exhaust his claim, the Court need not analyze the second and third prongs of the test for a stay under *Rhines*.

## B. Risk of an Untimely Federal Petition

A stay and abeyance is inappropriate in this case, meaning the Court must dismiss the entire petition so long as dismissal would not "unreasonably impair the petitioner's right to obtain federal relief." *Rose*, 455 U.S. at 522; *Isaac v. Augusta SMP Warden*, 470 F. App'x 816,

819 (11th Cir. 2012). If a petitioner's right to obtain federal relief is impaired, the petitioner should be allowed "to delete the unexhausted claims and to proceed with the exhausted claims." *Rhine*s, 544 U.S. at 278.

Here, neither Petitioner nor Respondent discuss the time limit for filing or the issue of tolling. From the Court's review of the record, including the state court dockets, it appears that Petitioner has been engaged in nearly continuous litigation of his conviction and sentence since his sentence was imposed on July 8, 2019. *See, e.g.,* ECF Nos. 10-1; 10-2; 10-19 at 3–15. This litigation includes his currently pending appeal. Based on what is before the Court and without indication to the contrary from the litigants, Petitioner does not seem at risk of an untimely federal petition if his current petition is dismissed. Thus, the Court does not find that Petitioner's right to obtain federal relief would be impaired by dismissal.

## IV. CERTIFICATE OF APPEALABILITY

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court

issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring the argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V.  CONCLUSION

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

(1)  the motion to dismiss, ECF No. 10, should be **GRANTED;**

(2)  this petition for writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 1, should be **DISMISSED** without prejudice;

(3)  a certificate of appealability should be **DENIED**; and

(4)  the case should be **CLOSED**.

**IN CHAMBERS** at Gainesville, Florida this 17th day of June 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.